IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARRISA L. ROSS,　　　　　　　　　　　　　Civ. No. 10-6151-AA

      Plaintiff,　　　　　　　　　　　　　OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

---

Rory Linerud
P.O. Box 1105
Salem, OR 97308-1105
    Attorney for plaintiff

Dwight C. Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Gerald J. Hill
Special Assistant U. S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075
    Attorneys for defendant

1    - OPINION AND ORDER

Aiken, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Supplemental Security Income (SSI) benefits. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## BACKGROUND

On October 4, 2004, plaintiff protectively filed an application for SSI alleging disability due to deafness and depression. Tr. 14, 65. Her application was denied initially and on reconsideration. Tr. 44-51. After timely requesting a hearing, plaintiff, her mother, and a vocational expert appeared and testified before an administrative law judge (ALJ) on August 5, 2008. Tr. 531-46. On August 26, 2008, the ALJ issued a decision finding that plaintiff could perform work activity and was not disabled within the meaning of the Act. Tr. 14-21. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 6-8. Plaintiff now seeks judicial review.

Plaintiff was twenty-three years old at the time of the ALJ's decision, with a high-school degree obtained from the Oregon School for the Deaf and no past relevant work. Tr. 20, 65, 540, 544.

2   - OPINION AND ORDER

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen

3   - OPINION AND ORDER

v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 16; 20 C.F.R. § 416.920(b).

At steps two and three, the ALJ found that plaintiff has "non-severe" impairments of post-traumatic stress disorder (PTSD) and depression, a "severe" impairment of deafness, and that plaintiff's impairment did not meet or equal any one of a number of listed impairments that the Commissioner considers disabling. Tr. 16; 20 C.F.R. §§ 416.920(c),(d).

At step four, the ALJ found that plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, with the limitation of avoiding exposure to loud noises and hazardous conditions. Tr. 17; 20 C.F.R. § 416.920(e). Because plaintiff has no past relevant work, the ALJ proceeded to step five. Tr. 20; 20 C.F.R. § 416.920(f).

At step five, the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 416.920(g). Relying on the testimony of the vocational expert, the ALJ found that plaintiff was able to perform other work as a room cleaner, a small products assembler, or a hand packager. Tr. 21. Therefore, the ALJ found that plaintiff was not disabled within the meaning of the Act.

4   - OPINION AND ORDER

## DISCUSSION

Plaintiff argues that the ALJ erred in finding that her depression and PTSD were not severe at step two of the sequential disability analysis. I agree.

"An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks and citations omitted). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims,' and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Smolen, 80 F.3d at 1290 and S.S.R. 85-28).

The ALJ found that plaintiff's depression and PTSD were not severe, because the medical evidence of record did not support these diagnoses, which the ALJ deemed self-reported and not credible. Tr. 16. The ALJ also noted, without specific citation to the medical record, that plaintiff's depressive symptoms remain well-controlled when she complies with a medical regimen. Tr. 16. However, the record reflects that plaintiff has been diagnosed with depression, major depressive disorder, chronic PTSD, and a variety of other potential psychiatric conditions by several medical

5   - OPINION AND ORDER

treatment providers. Tr. 449-50, 452-53, 462, 464-65, 466-70, 471, 510, 514-15. With respect to her PTSD diagnosis, plaintiff has a history of sexual abuse as a child by a family member, abuse that resulted in criminal charges, a jury trial, and the conviction of her abuser in 2006. Tr. 272-86, 473. Since 2005, plaintiff has sought and received psychiatric and psychological treatment, including medication for her depression, and in 2007, plaintiff attempted suicide (dismissed by the ALJ as "related to a problem with her boyfriend," tr. 19). Tr. 398-99, 462-63, 466-70, 471, 482-83, 485-87, 494-96, 512-15. Plaintiff has reported sleep disturbances, flashbacks of her sexual abuse, feelings of isolation, suicidal thoughts, episodes of crying, avoidance of other people, and loss of interest in activities. Tr. 398-99, 449-50, 452-53, 462, 464, 466-70.

The ALJ did not discuss plaintiff's treatment records in evaluating the severity of plaintiff's impairments, instead questioning the veracity and reliability of plaintiff's PTSD and depression diagnoses, despite the clear evidence of plaintiff's past sexual abuse and the opinions of treatment providers. Tr. 16. In finding plaintiff's psychological impairments mild and non-severe, the ALJ apparently relied on the opinion of non-examining physicians who reviewed plaintiff's medical records before she disclosed the abuse and sought treatment for her depression and other symptoms. Tr. 20, 422-33. Thus, these opinions cannot

6   - OPINION AND ORDER

sustain the ALJ's finding, particularly when they are contradicted by the diagnoses of treating and examining medical providers. Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.").

Finally, while the ALJ briefly mentioned the psychiatric and psychological evidence of record when discounting plaintiff's allegations, the ALJ's consideration of this evidence constitutes impermissible cherry-picking; the ALJ noted only plaintiff's episodes of non-compliance with medication and treatment and failed to recognize portions of those records that support plaintiff's diagnoses of depression and PTSD. Tr. 19-2; Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."); Switzer v. Heckler, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[T]he Secretary's attempt to use only the portions [of a report] favorable to her position, while ignoring other parts, is improper."); see also Webb, 433 F.3d at 688 ("[T]here is no inconsistency between Webb's complaints and his doctors' diagnoses sufficient to doom his claim as groundless under the de minimis standard of step two."). While the record reflects periods of improvement, the record does not support the ALJ's finding that plaintiff's depression and PTSD were not severe

7    - OPINION AND ORDER

and had no more than a minimal effect on plaintiff's ability to work. E.g., Tr. 507 (as of April 2008, plaintiff had numerous issues to resolve and had difficulty doing so "when she feels good or bad" with a "poor to fair" prognosis).

Whether plaintiff's mental impairments, alone or in combination with her hearing loss, render plaintiff disabled under the Act is a separate question. The medical evidence of record, however, meets the de minimis screening threshold at step two, and the ALJ's finding that plaintiff's depression and PTSD are not severe is not supported by substantial evidence in the record. See Webb, 433 F.3d at 688 ("There is not, in this instance, the *total absence of objective evidence of severe medical impairment . . . .*") (emphasis added).

Given the error at step two, I find that outstanding issues must be resolved before a determination of disability can be made. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Importantly, an ALJ has a duty to fully and fairly develop the record to ensure that plaintiff's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); see also Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) ("In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel."). At minimum, the ALJ must adequately develop the record and obtain a psychological

evaluation regarding the nature and extent of her mental impairments and their effect on her ability to sustain work activity. Once the record is adequately developed with respect to plaintiff's psychological impairments, the ALJ shall reconsider disability under steps three through five, obtaining medical expert testimony if needed.

Accordingly, the case is remanded for further proceedings to consider the extent of plaintiff's mental and/or psychological limitations, to further develop the record and obtain further psychological or medical evidence as necessary, and to reevaluate plaintiff's disability at steps three, four, and five of the sequential evaluation process.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further proceedings as set forth above.

IT IS SO ORDERED.

Dated this 26 day of July, 2011.

_____
Ann Aiken
United States District Judge